In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Robert C. RUTGERS, Attorney at Law.

Supreme Court

*No. 82–2253–D. Filed June 1, 1983.*
(Also reported in 334 N.W.2d 104.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

On December 3, 1982, the Board of Attorneys Professional Responsibility (Board) filed a complaint alleging that Robert C. Rutgers, an attorney admitted to practice law in Wisconsin in 1967 and who practices in Sheboygan, was guilty of unprofessional conduct by neglecting the probate of an estate for which he was retained. The complaint stated that in the course of the Board's investigation of the grievance filed against the respondent, it was discovered that there were 21 estates in which the respondent was acting as an attorney which were delinquent. The Board alleged that the respondent neglected legal matters entrusted to him, in violation of SCR 20.32(3), and failed to carry out his contract of employment, in violation of SCR 20.35(1)(b).

We referred the matter to Attorney Robert P. Harland as referee, pursuant to SCR 21.09(4). The respondent filed an answer admitting the factual allegations of the complaint but denying that he was guilty of any

unprofessional conduct. On April 24, 1983, Board counsel and the respondent entered into a stipulation by the terms of which the Board agreed to withdraw its allegation of a violation of SCR 20.35(1)(b), the respondent agreed to withdraw the denial of misconduct in his answer on the understanding that there would be a finding of neglect of legal matters, in violation of SCR 20.32(3), and the Board recommended that the respondent be publicly reprimanded. Attached to that stipulation was an affidavit of the Sheboygan County Register in Probate stating that as of April 22, 1983, there were no delinquent estates in which the respondent was the attorney.

The referee filed his report with the court on May 12, 1983, in which he found that the respondent failed to comply with sec. 863.33, Stats., in his representation of the personal representatives of the 21 estates and that such failure constituted neglect of legal matters entrusted to him, in violation of SCR 20.32(3). The referee also found that the respondent has brought his probate practice into compliance and that there was no claim that any of the respondent's clients have suffered any direct monetary losses as a result of his delays. The referee recommended that the respondent be publicly reprimanded and required to pay the costs of the disciplinary proceeding.

We hereby adopt the findings, conclusions and recommendation of the referee.

IT IS ORDERED that Robert C. Rutgers is publicly reprimanded for his unprofessional conduct.

IT IS FURTHER ORDERED that, within 60 days of the date of this order, Robert C. Rutgers pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $1,094.05, provided that if the costs are not paid within the time specified, the license of Robert C. Rutgers to practice law in Wisconsin shall be revoked forthwith.