IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Robert C. RUTGERS, Attorney at Law.

Supreme Court

*No. 92-1460-D. Submitted on briefs May 26, 1993.—Decided
June 14, 1993.*

(Also reported in 500 N.W.2d 673.)

For the Board of Attorneys Professional Responsibility there was a brief by *Michael G. Grzeca* and *Grzeca & Stanton, S.C.,* Green Bay.

For Robert C. Rutgers there was a brief by *Daniel P. Fay* and *Law Firm of Daniel P. Fay, S.C.,* Pewaukee.

PER CURIAM.   *Attorney disciplinary proceeding; attorney's license suspended.*

This is an appeal by Attorney Robert C. Rutgers from the recommendation of the referee that the court suspend his license to practice law in Wisconsin for nine months as discipline for professional misconduct. That misconduct consisted of neglecting client legal matters, failing to respond to client requests for information concerning the status of their matters, attempting to limit his malpractice liability to a client, misrepresenting that he had complied with an income assignment for child support payments of an employee, misrepresenting to a client that he had scheduled a court appearance on the client's claim, failing to return a client's file after the client terminated his representation, failing to provide competent representation to a client and explain to that client matters needed for the client to make an informed decision regarding his representation and failing to cooperate with the Board of Attorneys Professional Responsibility (Board) in its investigation of his conduct in these matters. In addition to the license suspension, the referee recommended as a condition of license reinstatement following the suspension that Attorney Rutgers be required to comply with specific conditions directed to his continuing rehabilitation from alcoholism.

Because of the serious nature and numerous instances of professional misconduct, we determine that the recommended license suspension is insufficient. The totality of Attorney Rutgers' professional misconduct warrants the suspension of his license for one year. Attorney Rutgers not only failed to provide clients the representation he had agreed to but also misrepresented what he had done on behalf of some of them and prevented one client from promptly retaining other counsel when the client discovered his failure to timely proceed in his matter. Together with that suspension, we impose for a period of two years the conditions specified by the

referee and some of the conditions suggested by Attorney Rutgers in this appeal.

Attorney Rutgers was admitted to practice law in Wisconsin in 1967 and, until August, 1991, practiced in Sheboygan Falls. He was suspended from practice in October, 1991 for failure to pay the assessments to the court's attorney boards. He was previously disciplined for professional misconduct: in 1983 the court publicly reprimanded him for neglecting 21 probate matters, *Disciplinary Proceedings Against Rutgers,* 112 Wis. 2d 651, 334 N.W.2d 104 (1983).

Attorney Rutgers stipulated to substantially all of the allegations of professional misconduct set forth in the complaint of the Board of Attorneys Professional Responsibility and the referee, Attorney Rudolph P. Regez, made findings of fact accordingly.

In 1987 a man contacted Attorney Rutgers concerning a claim against an insurer of an apartment building for personal injuries the man sustained in a fall on the premises. Attorney Rutgers requested and obtained a $100 retainer from the man. Thereafter, despite repeated contacts from the client seeking information concerning the status of the matter and whether an action had been filed, Attorney Rutgers never filed an action and never presented a claim to the insurer. When the statute of limitations on the claim expired and the client confronted Attorney Rutgers about his failure to file an action, Attorney Rutgers agreed to pay the man $1,100 of his own funds in exchange for the client's not initiating a malpractice action against him. Attorney Rutgers had the man, who was not then represented by counsel, execute a release of not only the apartment owner's liability but also his own.

The referee concluded that Attorney Rutgers neglected this legal matter, in violation of former SCR

20.32(3) and current SCR 20:1.3,[1] and that his attempt to limit his liability to the client for malpractice violated SCR 20:1.8(h).[2]

In May, 1990 a woman retained Attorney Rutgers to commence a bankruptcy proceeding for her, paying him $150 to do so. Despite numerous attempts by the client to contact him in order to sign the petition and start the proceeding, the client was unable to reach him and Attorney Rutgers did not try to contact her. Attorney Rutgers ultimately filed the petition in September, 1990 but provided no explanation for the delay between the time he was retained and the time the petition was filed. During the Board's investigation of the client's grievance, Attorney Rutgers did not respond to requests for information except to tell the Board that he was behind in answering correspondence and that he was intending to respond in detail at some future date.

The referee concluded that Attorney Rutgers failed to exercise proper diligence in this matter, in violation of SCR 20:1.3, failed to keep his client reasonably informed about the status of the matter and comply with her reasonable requests for information, in violation of SCR

---

[1] SCR 20:1.3 provides:

**Diligence**

A lawyer shall act with reasonable diligence and promptness in representing a client.

[2] SCR 20:1.8 provides:

**Conflict of interest: prohibited transactions**

. . .

(h) A lawyer shall not make an agreement prospectively limiting the lawyer's liability to a client for malpractice unless permitted by law and the client is independently represented in making the agreement, or settle a claim for such liability with an unrepresented client or former client without first advising that person in writing that independent representation is appropriate in connection therewith.

20:1.4(a),[3] and failed to cooperate with the Board in its investigation of this matter, in violation of SCR 21.03(4)[4] and 22.07(2) and (3).[5]

While he was practicing law, Attorney Rutgers owned and operated a restaurant. From 1989 to 1990, he deducted approximately $1,350 from the pay checks of an employee who was under a court order to pay child support by way of income assignment. Pursuant to that assignment, Attorney Rutgers was required to deduct

---

[3] SCR 20:1.4 provides:

**Communication**

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[4] SCR 21.03 provides:

**General principles.**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[5] SCR 22.07 provides:

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

payments from the employee's salary and send them to the clerk of court's office on the employee's behalf.

When the clerk of courts received no payments, the family court commissioner contacted Attorney Rutgers, who stated that he had made the payments. In fact, he had submitted no payments on the employee's behalf, despite having made the deductions from the employee's pay checks. Thereafter, he did not respond to the Board's request for information concerning this matter.

The referee concluded that Attorney Rutgers violated SCR 20:8.4(c) and (f)[6] by misrepresenting his payments under the wage assignment and by failing to comply with the statute requiring him to make the payments under the income assignment; his failure to cooperate with the Board in its investigation of the matter violated SCR 21.03(4) and 22.07(2) and (3).

In August, 1990 a woman retained Attorney Rutgers to commence a bankruptcy proceeding on behalf of herself and her husband, for which she paid him a $450 retainer. Attorney Rutgers told the woman he would commence work on the petition immediately and that it would take only a short time for the order of discharge in bankruptcy to be obtained. When the client did not hear from him or from the bankruptcy court that a petition had been filed, she made repeated attempts to obtain information and let him know she was continuing to receive dunning communications from creditors. Attor-

---

[6] SCR 20:8.4 provides:

**Misconduct**
It is professional misconduct for a lawyer to:
. . .
(c)   engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
. . .
(f)   violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers;

ney Rutgers did not return her telephone calls until October, 1990, when he told her she had to sign a new petition because the bankruptcy law had changed the preceding July. The client then discharged Attorney Rutgers and retained other counsel to represent her in the matter. Attorney Rutgers did not respond to numerous requests from the Board for information concerning this client's grievance.

The referee concluded that Attorney Rutgers failed to exercise reasonable diligence and promptness in representing this client, in violation of SCR 20:1.3, failed to keep the client reasonably informed about the status of her matter and comply with her reasonable requests for information, in violation of SCR 20:1.4(a), and failed to cooperate with the Board in its investigation, in violation of SCR 21.03(4) and 22.07(2) and (3).

In February, 1990 a couple retained Attorney Rutgers to prepare and record a land contract. After they signed the contract, they heard nothing from Attorney Rutgers. He never completed that transaction and did not record the contract with the register of deeds. He also did not return several telephone calls from the clients and did not respond to the Board's requests for information concerning the clients' grievance.

The referee concluded that Attorney Rutgers failed to exercise reasonable diligence and promptness in representing the clients, in violation of SCR 20:1.3, failed to keep the clients reasonably informed about the status of their matter and comply with their reasonable requests for information, in violation of SCR 20:1.4(a), and failed to cooperate with the Board in its investigation, in violation of SCR 21.03(4) and 22.07(3).

A man retained Attorney Rutgers to represent him on a claim against an automobile insurance company. After several attempts on the client's part to learn the

status of the matter, Attorney Rutgers told him he had set a court appearance to get the claim resolved and that an action had been commenced on it. However, when the client appeared in court, he discovered that no hearing had been scheduled and no action had been filed on his claim. Attorney Rutgers failed to respond timely and properly to the Board's requests for information concerning this client's grievance.

The referee concluded that Attorney Rutgers failed to exercise proper diligence and promptness in handling this client's matter, in violation of SCR 20:1.3, failed to keep the client reasonably informed about the status of his matter and comply with his reasonable requests for information, in violation of SCR 20:1.4(a), engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c), and failed to cooperate with the Board, in violation of SCR 21.03(4) and 22.07(3).

In April, 1990 a regular client of Attorney Rutgers asked him to represent him in a post-divorce matter. Although he agreed to file a motion or take other action on the client's behalf, Attorney Rutgers never did so. He did not return the client's repeated telephone calls and did not appear at several scheduled appointments with him. The client demanded the return of his file so he could retain other counsel in the matter and sent a certified letter demanding the file on November 27, 1990, but Attorney Rutgers did not turn over the file until May, 1991, at a deposition in the course of a malpractice action the client had commenced against him and in which the client ultimately obtained a judgment.

The referee concluded that Attorney Rutgers failed to exercise proper diligence and promptness in handling this client's matter, in violation of SCR 20:1.3, failed to keep the client reasonably informed about the status of

his matter and comply with his reasonable requests for information, in violation of SCR 20:1.4(a), engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c), failed to turn over the client's file when requested to do so, in violation of SCR 20:1.16(d),[7] and failed to cooperate with the Board, in violation of SCR 21.03(4) and 22.07(3).

In 1989 a couple retained Attorney Rutgers concerning a $10,000 bill for services they had received from another attorney which they believed to be excessive. Attorney Rutgers told them not to pay the bill or accept the attorney's offer of settlement of $7,000. When the attorney brought an action against the couple, Attorney Rutgers filed an answer but did not allege as an affirmative defense that the lawyer's fees were excessive. He also did not submit any written response to the lawyer's motion for summary judgment. After the lawyer recovered a $13,000 judgment against the couple, after having earlier agreed to settle the matter for $6,000, the couple retained other counsel to bring a malpractice action against Attorney Rutgers, in which they obtained a default judgment of $10,500.

The referee concluded that Attorney Rutgers failed to exercise proper diligence and promptness in handling the clients' matter, in violation of SCR 20:1.3, failed to keep them reasonably informed about the status of their

---

[7] SCR 20:1.16 provides:

**Declining or terminating representation**

. . .

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

matter and comply with their reasonable requests for information, in violation of SCR 20:1.4(a), failed to explain matters to the clients to enable them to make an informed decision regarding his representation, in violation of SCR 20:1.4(b),[8] and failed to provide competent representation, in violation of SCR 20:1.1.[9]

The referee further found that Attorney Rutgers admitted being an alcoholic, for which he has been receiving treatment since August, 1991 and, as of the date of the disciplinary hearing, July 31, 1992, has refrained from the use of alcohol. The referee found that his alcoholism was "a substantial factor involved in his misconduct," all of which occurred prior to his obtaining treatment. The referee also found that the state of Wisconsin has made assessments against Attorney Rutgers of approximately $100,000 in delinquent income taxes. In the referee's words, Attorney Rutgers is insolvent and has no assets.

As discipline for his misconduct, the Board sought and the referee recommended a nine-month suspension of Attorney Rutgers' license to practice law, notwithstanding the referee's characterization of that discipline as "lenient" in light of the fact that Attorney Rutgers had been disciplined previously for misconduct similar

---

[8] SCR 20:1.4 provides:

**Communication**

. . .

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

[9] SCR 20:1.1 provides:

**Competence**

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

to much of that considered in this proceeding. In addition to the suspension, the referee recommended that the reinstatement of Attorney Rutgers' license following the suspension be conditioned on his compliance with requirements directed to his continued rehabilitation from alcoholism, including his attendance at meetings of Alcoholics Anonymous, his abstention from alcohol and notification to the Board by his treating physician of his compliance with prescribed alcoholism treatment.

Attorney Rutgers did not contest any of the referee's findings of fact or conclusions of law concerning his professional misconduct; he appealed from the recommended license suspension, taking the position that the discipline should be a one-year license suspension, with the last seven months of it stayed. In addition, he suggested conditions to be imposed other than those recommended by the referee, including his random testing for alcohol use, with reports regularly submitted to the Board, regular reports of medical examinations by a physician acceptable to the Board addressing his rehabilitation from alcoholism and his attendance at meetings of Lawyers Concerned for Lawyers.

In his brief, Attorney Rutgers asked the court to set out in its opinion in this proceeding the specific conditions it will impose on an attorney recovering from alcoholism who has engaged in professional misconduct. He specifically requested that the court establish in the context of this proceeding a procedure for dealing with attorney chemical dependency that differentiates between attorneys who are pursuing treatment and those who claim chemical dependency but do not seek treatment.

In response to that request, the Board asserted that this proceeding is not appropriate for the court's promulgation of a uniform procedure addressing attorney chem-

ical dependency. The Board suggested that the court may wish to hold hearings on the issue and consider revising its rules.

On the issue of discipline to be imposed for Attorney Rutgers' misconduct, the Board noted that the referee did not find that the misconduct was caused by Attorney Rutgers' alcoholism but, rather, the alcoholism was a "substantial factor" involved in that misconduct. Consequently, the Board asserted, Attorney Rutgers' alcoholism is not a defense to the misconduct.

We adopt the referee's findings of fact and conclusions of law concerning Attorney Rutgers' misconduct in the matters considered in this proceeding. For reasons previously stated, we determine that a one-year license suspension is appropriate discipline to impose for that misconduct, together with the recommended conditions directed to Attorney Rutgers' continued rehabilitation from alcoholism.

IT IS ORDERED that the license of Robert C. Rutgers to practice law in Wisconsin is suspended for a period of one year, commencing the date of this order.

IT IS FURTHER ORDERED that for a period of two years, commencing the date of this order, Attorney Rutgers shall comply with the conditions set forth in the report of the referee filed in this proceeding and those conditions set forth in Attorney Rutgers' brief that are addressed to his alcoholism rehabilitation, provided that in the event the court receives satisfactory evidence of his failure to comply with any of those conditions, the court shall suspend the license of Attorney Rutgers to practice law forthwith.

IT IS FURTHER ORDERED that within one year of the date of this order Robert C. Rutgers pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are

not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Robert C. Rutgers to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Robert C. Rutgers comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.